UNITED STATES of America,
Plaintiff-Appellee,

v.

Homard P. DORSEY, Defendant-
Appellant.

No. 14404.

United States Court of Appeals
Sixth Circuit.

May 24, 1961.

John H. Reddy, U. S. Atty., Knoxville, Tenn. (William P. Crewe, Asst. Regional Counsel I. R. S., Atlanta, Ga., on the brief), for appellee.

William E. Badgett, Knoxville, Tenn., for appellant.

Before McALLISTER, CECIL and O'SULLIVAN, Circuit Judges.

CECIL, Circuit Judge.

This is an appeal by Homard P. Dorsey from a verdict and judgment of conviction in the United States District Court for the Eastern District of Tennessee, Northeastern Division.

The appellant, together with eight other defendants, was indicted under section 371 of Title 18 U.S.C. for conspiracy to violate sections 5174, 5179 and 5601(a)(1) of the Internal Revenue Code of 1954, as amended 26 U.S.C. §§ 5174, 5179, 5601 (a) (1). The violation involves the illegal manufacture, possession, transportation and sale of spirituous liquors. The facts constituting the offense are fully and specifically set forth in the indictment.

It is claimed on behalf of the appellant that there is not substantial evidence to support the verdict of the jury and the judgment based thereon. A reading of the record discloses that no motion for acquittal was made by counsel for Homard P. Dorsey either at the close of the government's case in chief or at the conclusion of all of the evidence.

The question presented is purely one of fact. Upon reading the entire record and upon consideration of the evidence relating to Homard P. Dorsey, as a whole, we conclude that there was sufficient evidence to justify the jury in finding that Homard P. Dorsey was a party to the conspiracy as averred in the indictment and that he was guilty as charged.

Other questions raised relate to the admission of testimony. On two occa-

sions the trial judge admitted conversations of alleged co-conspirators to the effect that the appellant Dorsey would not get a watchman for them. The record discloses that no objections were made to the admission of this testimony.

In the first instance, counsel for Dorsey said: "Now, of course, your Honor will instruct the jury as to what anybody said, the men that were present."

Thereupon the Court instructed the jury as follows: "Gentlemen of the jury, this alleged statement, alleged to be made by these men, will not be considered except with respect to their cases. Unless the jury finds, first, there was a conspiracy and, second, that these statements were made in furtherance of the conspiracy. If the jury so finds, then the jury will consider the alleged statement with respect to all of the defendants."

The witness answered and no further question was raised.

The instruction of the trial judge, as quoted above, is a clear and correct statement of the law of conspiracy. Continental Baking Company v. United States, 6 Cir., 281 F.2d 137, 152; Glasser v. United States, 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680.

"It is a basic premise of our jury system that the court states the law to the jury and that the jury applies that law to the facts as the jury finds them. Unless we proceed on the basis that the jury will follow the court's instructions where those instructions are clear and the circumstances are such that the jury can reasonably be expected to follow them, the jury system makes little sense. Based on faith that the jury will endeavor to follow the court's instructions, our system of jury trial has produced one of the most valuable and practical mechanisms in human experience for dispensing substantial justice." Delli Paoli v. United States, 352 U.S. 232, 242, 77 S.Ct. 294, 300, 1 L.Ed.2d 278. See also: Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101.

The trial judge instructed the jury on the subject of the weight to be given to the testimony of an accomplice. No accomplices testified on behalf of the government and the appellant charges that this is reversible error.

Counsel for the appellant Dorsey made neither specific nor general objections to the charge of the court. In accordance with Rule 30 of the Federal Rules Criminal Procedure, 18 U.S.C., no objection to the charge can now be raised on appeal.

This is not such a "plain error" as to warrant the consideration of this Court, without objection, and we are of the opinion that it was not prejudicial to the appellant. Rule 52, Federal Rules Criminal Procedure.

The judgment of the District Court will be affirmed.