**CITY OF MEMPHIS, TENNESSEE,**
Plaintiff-Appellant,

v.

**SOUTHERN BELL TELEPHONE AND
TELEGRAPH COMPANY,**
Defendant-Appellee.

**No. 15110.**

United States Court of Appeals
Sixth Circuit.

April 23, 1963.

Robert M. McRae, Jr., and Frank B. Gianotti, Memphis, Tenn., for appellant.

James O. Bass, Nashville, Tenn. (Roane Waring, Jr., Memphis, Tenn., T. G. Pappas, Gen. Atty., Nashville, Tenn., on the brief; John A. Boykin, Jr., Gen. Sol., Atlanta, Ga., Waring, Walker, Cox & Lewis, Memphis, Tenn., Bass, Berry & Simms, Nashville, Tenn., of counsel), for appellee.

Before: CECIL, Chief Judge, WEICK, Circuit Judge, and McALLISTER, Senior Circuit Judge.

WEICK, Circuit Judge.

The City sought, in the District Court, to enjoin the telephone company from billing its Memphis customers, pro rata, franchise payments made by it to

the City as permitted by Chapter 123 of the Public Acts of Tennessee 1961 which amended Tennessee Code Annotated Section 65–405.[1]

Prior to the amendment and under the franchise granted by the City to the telephone company on July 1, 1944, the telephone company paid the City as consideration for the franchise, 5% of its gross receipts from customers within the corporate limits of the City. These franchise payments were taken into account as expenses by the Public Service Commission of Tennessee in determining the reasonableness of the rates which it permitted the telephone company to charge in the entire state.

On February 21, 1962 the City enacted a new franchise ordinance which took effect on July 1, 1962 (the 1944 franchise expired June 30, 1962) and was for a period of eighteen years. Like the 1944 franchise the 1962 franchise provided for payments to the City of 5% of the receipts from Memphis customers. The telephone company accepted the Franchise and then notified the City that it was passing on to its Memphis customers, pro rata, the franchise payments made by it to the City as permitted by the statutory amendment. The franchise payments amount to about $1,250,000 annually.

The District Judge was of the view that the amended statute was plain and unambiguous and authorized the telephone company to bill its Memphis customers pro rata for said franchise payments. He granted summary judgment in favor of the telephone company and dismissed the complaint.

In its complaint, the City had alleged that the 1961 amendment authorized the passing on to customers only of additional franchise payments not previously imposed upon a utility. In this Court it urged also that the amendment applied only to cities which prior to 1961 did not charge franchise payments to a utility.

In our opinion, neither of these contentions are tenable. We think the amendment to the statute obviously had no application to existing franchises held by utilities. It is clear to us that it did apply prospectively to *any* franchise or other agreement entered into after the effective date of the amendment. The 1962 franchise was granted to the telephone company after the amendment became effective.

The legislative purpose in enacting the amendment was to permit franchise payments made by a utility to be charged to its customers residing in the city where the payments were exacted and not require nonresident subscribers in the state to bear this burden through increased rates when they received none of the municipal benefits. We know of no reason why the legislature could not do this.

The City claims that the passing on of the franchise payments to customers will give the telephone company a windfall since its rates have not been reduced. The evidence shows, however, that the telephone company has already advised some members of the Public Service Commission of the facts and of its intention to file new tariffs. We cannot assume that the Commission will neglect to perform its duty. In any event, this is an argument which should more properly be addressed to the General Assembly of Tennessee rather than to us.

It is further urged that the amendment violates both federal and

---

[1.] The amendment became effective February 24, 1961 and provided as follows: "Provided, further, that any franchise payment or other payment for the use of public streets, alleys or other public places or any license, privilege, occupation or excise tax payment, which after February 24, 1961 may be made by a utility to a municipality or other political subdivision, except such taxes as are presently provided for under existing statutes and except such franchise payment or other payments as are presently exacted from the utility pursuant to the terms of any existing franchise or other agreement, shall, insofar as practicable, be billed pro rata to the utility customers receiving local service within the municipality or political subdivision receiving such payments, and shall not otherwise be considered by the commission in fixing the rates and charges of the utility."

state constitutions. We see no merit in this contention which was urged for the first time in this Court. Furthermore, we are not required to pass upon legal questions which were not raised in the District Court. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Morgano v. Pilliod, 299 F.2d 217 (C.A.7); Rubin v. United States, 289 F.2d 195 (C.A.5); Allstate Insurance Co. v. Springer, 269 F.2d 805 (C.A.6) cert. denied 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353; Evangelical Lutheran Church v. Stanolind Oil and Gas Co., 251 F.2d 412 (C.A.8); Williamson v. Weyerhaeuser Timber Co., 221 F.2d 5 (C.A.9); Keyes v. Madsen, 86 U.S.App. D.C. 24, 179 F.2d 40 (C.A.D.C.), cert. denied 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349.

The District Judge correctly construed the Tennessee statute. His judgment is affirmed.