Clinton WILSON, a minor, by W. J. Wilson, his father and next friend, Plaintiff-Appellant,

v.

WARD BAKING COMPANY, Defendant-Appellee.

W. J. WILSON, Plaintiff-Appellant,

v.

WARD BAKING COMPANY, Defendant-Appellee.

No. 15178.

United States Court of Appeals
Sixth Circuit.

June 15, 1963.

Frank K. Levin, Cleveland, Ohio, for plaintiffs-appellants.

Richard C. Green, Cleveland, Ohio, for defendant-appellee.

Before WEICK and O'SULLIVAN, Circuit Judges, and BROOKS, District Judge.

**WEICK, Circuit Judge.**

These two cases were brought to recover damages for personal injuries sustained by an eleven year old boy and for loss of services and medical expenses incurred by his father arising out of an accident happening when the boy fell from the rear step of defendant's truck. The cases were consolidated for trial in the District Court.

It was the claim of the plaintiffs that defendant's truck driver knew that the boy was seated on the rear step of the truck, but nevertheless started the truck and proceeded at a high rate of speed zigzagging and turning "the truck rapidly from one direction to the other in order to drop or shake off the plaintiff from his seat on the truck as the plaintiff hung onto the door latch of the truck."

The District Judge submitted the issues to a jury which returned general verdicts for defendant in both cases. The jury answered interrogatories as follows:

> INTERROGATORY "A" TO JURY AND ANSWER.
>
> Do you find from the evidence in this case that the bakery truck driver had knowledge that the plaintiff was on the rear of the truck immediately prior to the accident in question? Answer. No.
>
> INTERROGATORY "B" TO JURY AND ANSWER.
>
> Do you find from the evidence in this case that the driver of the bakery truck was guilty of willful or malicious conduct in the operation of the truck on the day in question? Answer. No.

■■■ Plaintiffs assert that it was error for the District Judge to submit these two interrogatories to the jury although they made no objections thereto at the time. They say that both of their lawsuits were based on negligence whereas the interrogatories were framed on willful and malicious conduct and that the submission of these interrogatories the jury together with the instructions of the court on the subject was misleading and erroneous. It should be pointed out that no objection was made to the instructions of the court as required by Rule 51, Federal Rules of Civil Procedure.

Plaintiffs are in error in stating that their claim was based on negligence. It is clear that the complaints did in fact allege willful and wanton acts on the part of the truck driver. Without the allegation of these willful and wanton acts plaintiffs' complaints would not have stated a claim upon which relief could be granted. The boy had not been invited to ride on defendant's truck. He was a trespasser. Under Ohio law, defendant owed him no duty except to refrain from wilfully and wantonly injuring him. Swarts v. Akron Water Works Co., 77 Ohio St. 235, 83 N.E. 66, 19 L.R.A.,N.S., 1136; Ziehm v. Vale, 98 Ohio St. 306, 120 N.E. 702, 1 A.L.R. 1381; 6 O.Jur.2d, Automobiles § 218. The District Court was correct in submitting the interrogatories to the jury.

It is next contended that the District Court erred in permitting counsel for defendant to cross-examine Jackie Sims and Claybourne Sims with respect to statements alleged to have been made by them without first proving the purported statements.

■■ The record shows that of plaintiffs' six witnesses only Claybourne Sims was cross-examined relative to the particular statement. It was permissible for counsel to first lay the foundation for impeachment before offering the statement in evidence. Claybourne Sims admitted that a man came to his house with a court reporter. When the court asked for production of the statement Sims was mentioned therein as Claybourne Lewis. This may have been a misnomer. The court instructed the jury to disregard the answers until the authenticity of the statement had been established. Defendant did not further identify the statement which was taken and certified by the court reporter and did not offer the statement in evidence. Hence, there was no evidence to impeach the witness Clay-

bourne Sims. We find no prejudicial error in this claim.

█ Plaintiffs further complain about misconduct of two unidentified women jurors alleged to have been discussing the case in the lavatory during the progress of the trial. The District Judge placed no credence in this claim, particularly since it had not been brought to his attention until after the motion for a new trial had been filed. Upton v. Harrison, 68 F.2d 232 (C.A. 4).

█ Relative to the alleged misconduct of the attorney for the defendant, the court conducted an oral hearing on the motion for a new trial and heard the evidence. He found the facts against plaintiffs. In our judgment, his finding was not clearly erroneous.

We find no error in the court's instructions to the jury.

The judgments of the District Court are affirmed.