**Annie Mae PETTY, Plaintiff-Appellant,**

**v.**

**Harry PORTER, Defendant-Appellee.**

**No. 15143.**

United States Court of Appeals
Sixth Circuit.

Sept. 10, 1963.

Wade Leonard, Rossville, Ga., and John S. Wrinkle, Chattanooga, Tenn., for appellant.

Ray H. Moseley, Chattanooga, Tenn. (Noone, Moseley & McMurray, Chattanooga, Tenn., on the brief), for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and PECK, District Judge.

CECIL, Chief Judge.

This cause of action grows out of a collision, in the State of Georgia, between a Chevrolet milk truck driven by Herman Petty, the plaintiff-appellant's decedent, and a 1957 Mark II Continental automobile driven by Harry Porter, defendant-appellee. The drivers will be referred to as the decedent and defendant, respectively.

At the time of the accident, the defendant was driving north on U. S. Highway 27, a through highway, and the decedent was driving west on intersecting Georgia Highway 2. Both highways at the point of their intersection, where the accident occurred, are within the boundaries of Chickamauga National Military Park. The State of Georgia ceded exclusive rights to this area to the United States Government in 1927. Pursuant to the rule-making power conferred by Congress (Section 3, Title 16 U.S.C.) the Secretary of Interior promulgated rules for the government of the park which provided, among other things, for the erection of stop signs. At the time of this accident there was a stop sign on Georgia Highway 2 at the intersection with U. S. 27. The decedent drove from Georgia Highway 2 onto U. S. 27 without stopping and was killed as a result of the collision which ensued.

Annie Mae Petty, mother of the decedent and plaintiff-appellant, brought the action now before us on appeal in the United States District Court for the Eastern District of Tennessee. The action was for damages based on the wrongful death of the decedent under Georgia law. Jurisdiction was invoked by virtue of diversity of citizenship. (Section 1332, Title 28 U.S.C.) The case was tried to a jury and a verdict was returned in favor of the defendant. Judgment of dismissal of the complaint was entered on the verdict.

■ Questions concerning the negligence of the defendant and contributory negligence of the deceased, as well as all other questions concerning the nature of the accident and how it happened, are factual questions and were properly submitted to the jury. Counsel for the appellant make fourteen assignments of error, twelve of which relate to instructions to the jury.

■ One of the claims of the appellant is that the trial judge erred in refusing to give special request to charge No. 5.[1] The subject of this charge is virtually the keystone to appellant's case and the appellant's right to recovery largely depends on the adoption by the court of the legal theory set forth therein.

The substance of this charge is not a correct statement of the law even assuming Georgia Code Section 68–1650, (a) and (b), were applicable to the facts in the case at bar. The language of the charge is vague and confusing. If the

---

[1] "I charge you that the rule of the Code Section 68–1650, (a) and (b), gives the right of way to automobiles approaching highways from the right, applies not only where automobiles arrive at the intersection simultaneously or practically at the same time, but also applies under all circumstances, including the distances and speeds of the two automobiles, the driver of the automobile on the left should reasonably apprehend that a collision will occur unless he yields the right of way, it is your duty to determine if such situation existed in this case and whether the driver on the left violated the rule."

jury could have understood the meaning it was intended to convey and would have followed it, a verdict for the appellant would have been inescapable because the defendant approached from the left side.

The following stipulation was made in the pre-trial order: "It is agreed and stipulated that U. S. Highway No. 27 is a through highway at the point of intersection with Georgia Highway No. 2 and that a 'STOP' sign was posted upon Georgia Highway No. 2 at or near the intersection with U. S. Highway No. 27." We find no merit to the claim of counsel for the appellant that the "stop" sign was unofficial. Under these facts, Section 68–1652 [2] and Section 68–1665 (c) [3] of the Georgia Code are controlling. Subdivision (d) [4] of Section 68–1650 modifies subdivisions (a) and (b) at intersections of through highways so that the right of way given by (a) and (b) of Section 68–1650 would not be applicable to the facts of this case.

The trial judge in instructing the jury stated that the appellant claimed that the defendant violated Section 68–1650(a)

and (b) and gave the substance of the statute. He likewise instructed the jury with reference to the statute requiring the deceased to stop. (§ 68–1665(c)) The judge then said: "Now it will be your duty, of course, to reconcile the difference between the respective parties by determining whose negligence caused the accident, and in the light of the Court's instruction, what the result would be with respect to each party." The charge with respect to these statutes is more favorable to the appellant than she would have a right to expect. The judge committed no error in refusing to give requested charge No. 5.

■ Another claim of error is that the trial judge erred in denying an oral motion [5] for instructions to the jury made at the close of all of the testimony. From the discussion in the record, this motion involved the same question as special request to charge No. 5. It is obvious from the face of the motion that it does not contain a statement of law to give to the jury. Rather it seeks to have the judge charge facts and not law. The judge could not tell the jury what knowl-

2. "(a) The driver of a vehicle shall stop as required by this law [Chapters 68–15 through 68–17; §§ 68–9926, 68–9927] at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway.

"(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

3. "(c) Every driver of a vehicle and every motorman of a street car shall stop at

such sign or at a clearly marked stop line before entering an intersection except when directed to proceed by a police officer or traffic-control signal."

4. "(d) The right of way rules declared in subdivisions (a) and (b) are modified at through highways and otherwise as hereinafter stated in sections 68–1651 through 68–1653."

5. "May it please the Court, we would like to move the Court to instruct the jury on two different propositions of fact in this case; first, that the defendant had knowledge and realized that the deceased, Herman Petty, was not going to stop before entering the intersection. We think that is an established fact and is demanded by the evidence, not only from the plaintiff's witnesses but by the defendant himself. Number two, that the deceased, Herman Petty, entered the intersection to the righthand side of the defendant. We respectfully request the Court to instruct the jury to those facts as being demanded as a matter of law by the evidence."

edge the defendant had and that he realized the deceased was not going to stop before entering the intersection. This would be an invasion of the province of the jury. Nor would there be any point in telling the jury that the deceased entered the intersection on the right of the defendant. That was an obvious fact. There was no error in this ruling.

 Another assignment of error is that the trial judge erred in admitting the testimony of T. L. Cain, a state trooper, with reference to defective brakes in an accident that the deceased had with the same truck about one month prior to the accident in question here. The trial judge instructed the jury that this testimony was relevant only on the issue of whether the deceased knew at the time of the accident that the brakes on the truck were defective. There was other testimony concerning the defective condition of the brakes at the time of the accident. Mr. Robert Purseley testified that fifteen minutes before the accident occurred the deceased told him he had bad brakes. Chief Park Ranger Daniel Lee testified that at the place of the accident there were no tire marks from the truck, indicating either that there were no brakes or that they were not applied. His subsequent examination of the truck showed that the truck had no braking power. The testimony of these two witnesses was admitted without objection. We find no prejudicial error in the admission of the testimony of T. L. Cain. Rule 61, F.R.Civ.P.

Other claimed errors relate to instructions in the general charge of the court. No objections were made to the general charge by counsel for the appellant. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict * * *." Rule 51, F.R.Civ.P. Counsel for appellant concede that they made no objections to the general charge but claim that the judge erred in not giving them an opportunity to object. The record does not support this claim. In fact, it appears that they had ample opportunity to make objections and were invited to do so by the judge.

Counsel for appellant appeal to this Court to invoke its authority to consider on its own motion, this being an exceptional case, any errors that were made and to correct any errors of counsel or the court, so that an injustice will not be done. This Court does have the power in exceptional cases and in the interest of justice to consider questions of error not raised in the trial court. McNello v. John B. Kelly, Inc., 283 F.2d 96, 101, C.A. 3; Troupe v. Chicago, D. & G. Bay Transit Co., 234 F.2d 253, 260, C.A. 2. See: Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; Sunfire Coal Co. v. United Mine Workers, 313 F.2d 108, C.A. 6; Wilson v. Ward Baking Co., 318 F.2d 674, C.A. 6. We do not consider that this is an exceptional case or that there was a denial of justice in the verdict of the jury or the judgment of the court.

The judgment of the District Court is affirmed.