UNITED STATES of America, Plaintiff-Appellee,

v.

James Dean CALLIS, Defendant-Appellant.

No. 17935.

United States Court of Appeals Sixth Circuit.

Feb. 29, 1968.

Dale Quillen, Nashville, Tenn., for appellant.

Gilbert S. Merritt, Jr., Nashville, Tenn., for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

## PER CURIAM.

Appellant was convicted of entering a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, with intent to commit larceny of money in the possession of the bank.

Appellant claims that there was error on the part of the District Court in calling upon his counsel, in the presence of the jury, to state whether he desired to have the jury excused for the purpose of his making objections or requests for any additional instruction. The claimed error is based on the ground that this action of the court prejudiced the jury. Appellant further contends that the trial court erred in refusing to charge the jury, as requested by appellant, that certain witnesses, by name, Thomas Boner and Luther Martin, were accomplices.

Rule 30 of the Federal Rules of Criminal Procedure provides:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury."

Appellee points out that the foregoing rule does not provide that the trial judge must excuse the jury, before he finds out that counsel wants the jury excused, in order that he may make objections out of the presence of the jury. The rule provides that the jury must be excused on the request of any party, but not that it be excused before a party requests such action.

As to the refusal of the court to charge the jury, as requested by appellant, that Boner and Martin were accomplices, it is admitted that the District Court correctly charged the jury as to the treatment to be accorded testimony of accomplices; but the court explained to counsel out of the presence of the jury that the evidence was unclear on the question of the status of the witnesses as accomplices. It further explained that the two witnesses had not been indicted, and remarked that "if someone has not entered a plea of guilty, and I say he's an accomplice, well then I've convicted him myself, haven't I?"

Appellant refers to the law of Tennessee, where, it is contended, the rule prevails that uncorroborated testimony of an accomplice is insufficient to support a conviction. This, however, is a federal case and the rule is different. In federal cases the uncorroborated testimony of an accomplice is sufficient to support a conviction. While the court did not charge that the witnesses in question were accomplices because it was not clear to it that they were, it nevertheless instructed the jury that an accomplice is one who unites with another person in the commission of a crime voluntarily and with common intent; that an accomplice is not incompetent as a witness because of participation in the crime charged, but that his testimony, if believed by the jury, might be of sufficient weight to sustain a verdict of guilty even though not corroborated or supported by other evidence. The court, however, went on to charge that the jury should keep in mind that the testimony of an accomplice is to be received with caution and weighed with great care, and that they should not convict a defendant upon the unsupported testimony of an accomplice

unless they believe such testimony to be true beyond a reasonable doubt. This cautionary instruction is in keeping with the better practice.

We are of the view that there was no reversible error in the trial court's conduct of the trial or in its instructions; and the judgment of the District Court is accordingly affirmed.