**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Ray LITTLE, Defendant-Appellant.**

**No. 17982.**

United States Court of Appeals
Sixth Circuit.
March 21, 1968.

Francis D. Burke, Pikeville, Ky., Burke & Justice, Pikeville, Ky., on brief, for appellant.

James F. Cook, Asst. U. S. Atty., Lexington, Ky., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Little and three accomplices were indicted on two counts, conspiracy to commit an offense against the United States and falsely pretending to be employees of the United States in order to obtain money. 18 U.S.C. §§ 371 and 912. The three accomplices, having entered pleas of guilty, testified against Little in his trial. The jury returned a verdict of guilty. Little was sentenced to five years on the substantive count and three years on the conspiracy charge, the sentences to run concurrently.

This case involves an outrageous fraud perpetrated on a seventy-nine year old man and his daughter in a remote mountain area of Kentucky. The accomplices of Little called on the victims at their home, representing that they were FBI agents and that someone had been putting counterfeit bills in the bank account of the victims. They had a badge and a walkie-talkie. They prevailed upon the victims to accompany them to the bank at Pikeville, Kentucky, and withdraw

$3250 from a savings account and turn it over to them for "examination."

One of the victims, the daughter, testified that she saw Little at the bank where the money was withdrawn, and that he spoke to her and her father. A neighbor of the victims testified that she saw Little near her house with three other men the morning the fraud was perpetrated and that he got out of the car and walked down the road. A motel operator testified that Little and the three accomplices undertook to rent a room two days after the fraud and to pay for it with a fifty dollar bill. A Pikeville city policeman testified that he arrested Little and the three co-conspirators for drunkenness at 3:52 a. m. on May 30, 1965, following the perpetration of the fraud on May 28, and that he had seen these four men drinking together in an automobile the previous day.

On appeal Little raises the single question of whether the District Judge committed plain error in failing to give adequate cautionary instructions with respect to the weight to be accorded to the testimony of accomplices. At the conclusion of the evidence the District Court invited requested instructions. Little's attorney requested no instructions on this subject and made no exceptions to the charge.[1] The Court also gave adequate general instructions on this point.

Absent plain error, Little cannot attack this jury instruction on appeal. Rules 30 and 52, Fed.R.Crim.P. Singer v. United States, 380 U.S. 24, 38, 85 S. Ct. 783, 13 L.Ed.2d 630; Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442.

We hold that there is no plain error in the charge to the jury. United

---

1. The District Judge charged the jury as follows on this point:

"An accomplice is one who voluntarily participates in the commission or the planning of a crime.

"If the jury believes that the witnesses, Elster Ratliff, Jr., Arthur Atwell or Herman Dalton Dennis, directly participated as accomplices in the commission of the offense charged, their testimony, or the testimony of any one of them found to be an accomplice, should be closely examined and weighed with great care.

"If the jury believes the testimony of an accomplice to be true beyond a reasonable doubt, that testimony is sufficient to convict the defendant, even though it is not corroborated by any other evidence."

**224**

States v. Callis, 390 F.2d 606 (6th Cir.); United States v. George, 319 F.2d 77, 80 (6th Cir.), cert. denied, 375 U.S. 942, 84 S.Ct. 349, 11 L.Ed.2d 273.

Affirmed.