**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Calvin THOMAS, Defendant-Appellant.**

**No. 71–1527.**

United States Court of Appeals,
Sixth Circuit.

Jan. 3, 1972.

Certiorari Denied April 3, 1972.
See 92 S.Ct. 1312.

William C. Wilson, Nashville, Tenn., for defendant-appellant; Dan Garfinkle, Nashville, Tenn., on brief.

Fred D. Thompson, Asst. U. S. Atty., Nashville, Tenn., for plaintiff-appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Appellant appeals from conviction after jury trial in the United States District Court for the Middle District of Tennessee (Nashville Division) on a charge of aiding and abetting the jail break of a federal prisoner, in violation of 18 U.S.C. § 752 (1970).

The single question presented is, "whether the trial court erred in overruling the defendant's motion for a directed verdict of acquittal because the entire case was predicated upon the uncorroborated evidence of an accomplice."

This question, if in fact presented by the record, would require us to reaffirm or overrule the long-standing rule of this circuit which holds that upon a proper cautionary charge, accomplice testimony may be sufficient without corroboration to uphold a criminal conviction. United States v. Haynes, 403 F.2d 54 (6th Cir. 1968); United States v. Callis, 390 F.2d 606 (6th Cir. 1968); Continental Baking Co. v. United States, 281 F.2d 137, 155 (6th Cir. 1960). Assuming this court has the right to change this long-standing rule (see Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442 (1916)), we find no need to undertake this examination, however, since reading the trial record convinces us that there was more than ample corroboration of the testimony of the alleged accomplice and very substantial evidence to support both the Judge's denial of the motion for a direct verdict and the subsequent verdict of the jury.

The gross facts shown by the record on favorable view of the government's evidence (Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Wolfenbarger, 426 F.2d 992 (6th Cir. 1970)) include:

A federal prisoner named Johnny Pace escaped from the Metropolitan Jail in Nashville, Tennessee, on September 12, 1970, employing a gun to accomplish the escape. He had previously been convicted of robbing a bank at McEwen, Tennessee, on March 20, 1970. A Federal Reserve Bank manager identified the serial numbers of 40 $100 bills which had been shipped to the McEwen bank on January 2, 1970. A lawyer testified that on a visit to the jail to see one of Pace's cellmates, Pace had talked to him and that he subsequently called appellant Calvin Thomas and told him that Pace wanted him to bring him (Pace) some money. Other witnesses (including Pace's wife), testified that Thomas had been a friend of Pace for 16 years and visited Pace at the jail and that Pace talked to him in sign language. A jail "trusty" named Holt then testified that he met an unidentified man at Pace's instructions and received three Pall Mall cigarette packages which he examined, finding hundred dollar bills in one and bills of lesser denominations in the others, and that he gave them to Pace. Still another "trusty" named Williams testified that at Pace's instructions he picked up a package left by appellant Calvin Thomas which consisted of a paper bag containing a plas-

tic bag with a towel wrapped around some heavy object and that without examining it, he gave it to Pace and received in return five $100 bills. A female employee in the Police Records Bureau to whom Williams regularly brought lunches testified that Williams gave her five $100 bills to keep and deposit for him, but that she turned them over to a lieutenant of the Nashville Police Department and an FBI agent. The FBI agent testified that he received these bills and introduced them in evidence, noting that four of them had the same serial numbers as four of the $100 bills which had been shipped to the McEwen bank by the Nashville Federal Reserve Bank on January 2, 1970.

Calvin Thomas also testified. He admitted long friendship with Johnny Pace. He admitted three visits to see him in jail. He denied taking any money, any gun, or any package to Pace. His testimony was in direct contradiction on other relevant items to that of a number of witnesses. The jury had a right to believe him, but did not.

The judgment of the District Court is affirmed.