840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry W. BREEDING, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-5666.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1988.
 
 Before KEITH, MILBURN, and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal of a district court order denying a motion to vacate a criminal sentence under 28 U.S.C. Sec. 2255. The defendant, Jerry Breeding, argues that the evidence presented against him was not sufficient to support a conviction, that the prosecutor misled the jury on the burden of proof, and that the conviction resulted from ineffective assistance of counsel. Finding that these contentions are neither timely nor meritorious, we shall affirm the district court's judgment.
 
 
 2
 At about 8:45 a.m. on July 14, 1978, two men robbed the main office of the American Bank and Trust in Cookeville, Tennessee. Both men wore stocking masks. One carried a sawed-off shotgun, while the other had a revolver. Approximately $42,600 was taken during the robbery.
 
 
 3
 On August 17, 1978, a man named Gary Grasty contacted the FBI in Houston, Texas. When interviewed by FBI agents, Grasty admitted driving the getaway car used in the Bastille Day robbery in Cookeville. He named Jerry Breeding and Jerry's brother John as the masked robbers. Grasty subsequently pleaded guilty to a charge of bank larceny and received a ten-year sentence. The brothers Breeding were tried and convicted of armed robbery. Jerry Breeding was sentenced to twenty-five years in prison.
 
 
 4
 The Breedings' convictions were affirmed by a panel of this court in 1981. The sole issue raised in the appeal was whether there had been a denial of the constitutional right to a speedy trial.
 
 
 5
 In 1985 Jerry Breeding moved the district court to vacate his sentence under 28 U.S.C. Sec. 2255 on grounds of insufficient evidence, prosecutorial misconduct, and ineffective assistance of counsel. The district court denied motions for appointment of counsel and for permission to proceed in forma pauperis. Mr. Breeding appealed. This court remanded the case to the district court for a statement of reasons for the denial of relief. The district court has filed such a statement, and the case is back before us for review on appeal.
 
 
 6
 In his first assignment of error, Mr. Breeding contends that without the testimony of Gary Grasty, a confessed accomplice, there was not enough evidence for a conviction. He concedes that in this circuit uncorroborated testimony from an accomplice may be sufficient to support a conviction. See, e.g., United States v. Thomas, 453 F.2d 334, 335 (6th Cir.), cert. denied, 405 U.S. 1041 (1972). He argues, however, that the conviction may not stand if the accomplice's testimony is incredible or unsubstantial on its face, as he contends Mr. Grasty's testimony was.
 
 
 7
 Our review of the evidence has convinced us that the evidence was more than sufficient to support a verdict of guilty. The testimony of Gary Grasty was corroborated by that of other witnesses and by physical evidence; it established Mr. Breeding's guilt beyond a reasonable doubt. The issue, moreover, is one that ought to have been raised in Mr. Breeding's direct appeal. "Section 2255 does not exist to ... challenge the sufficiency of the evidence ... or to correct errors which should have been brought to the attention of ... the appellate court on direct appeal." Cassidy v. United States, 428 F.2d 585, 587 (8th Cir.1970).
 
 
 8
 In his second assignment of error, Mr. Breeding challenges the following statements made by the prosecutor in closing argument:
 
 
 9
 "Ladies and gentlemen, the government submits to you when you carefully evaluate the testimony that's been offered by the defendants in this case, their alibi, the government submits to you that you will consider it not to be believable. It just doesn't hold up. It does not provide them with an alibi." (Emphasis added).
 
 
 10
 Defense counsel did not object to this part of the closing argument at the time of trial, and the trial court did not commit plain error in failing to caution the jury ex mero motu. The prosecutor's statement was simply a comment on the proof offered by the Breeding brothers on their own behalf and, as such, was not improper. See United States v. Johns, 734 F.2d 657, 663 (11th Cir.1984). And even if there had been any substance to Mr. Breeding's claim of error in this respect, the claim, again, ought to have been advanced on direct appeal. Mr. Breeding has made no attempt to justify his failure to raise the issue then, and we see no basis for allowing the conviction to be attacked collaterally on this ground.
 
 
 11
 In his third assignment of error, Mr. Breeding says that he did not receive effective assistance of counsel because his attorney did not request a change of venue. Mr. Breeding admits that after the trial had started, the district court complied with defense counsel's request that the jurors be questioned as to whether they had read newspaper accounts of the robbery. In its statement of reasons for the denial of relief, the district court said
 
 
 12
 " [a]n impartial jury was empaneled and sworn. The jurors were not conversant with the facts which took place in a town of 20,000. A number of jurors were from outlying counties and had no knowledge of the robbery of the bank. There was little publicity. The jurors were carefully selected so that the defendants would receive a fair trial."
 
 
 13
 Under Strickland v. Washington, 466 U.S. 668 (1984), Mr. Breeding must show that (1) counsel's performance was deficient, and (2) the defendant was prejudiced by the deficient performance. Id. at 687. Given the district court's statement, it is clear that Mr. Breeding failed to meet that test insofar as the failure to move for a change of venue is concerned.
 
 
 14
 Mr. Breeding further claims that his counsel was ineffective because he failed to request a jury instruction explaining the burden of proof and the defendant's alibi defense. This issue is not properly before us because it was not raised before the district court. See, e.g., United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 107 S.Ct. 160 (1986); United States v. Gray, 611 F.2d 194, 197 (7th Cir.1979), cert denied, 446 U.S. 911 (1980). Even if we could consider the claim, we would have to deny it under Strickland.
 
 
 15
 AFFIRMED.