**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Millard BENSON, Defendant-Appellant.**

**No. 16826.**

United States Court of Appeals Sixth Circuit.

Dec. 15, 1966.

G. Edward Friar, Knoxville, Tenn., for appellant.

G. Wilson Horde, Knoxville, Tenn., for appellee, J. H. Reddy, U. S. Atty., Ottis B. Meredith, Asst. U. S. Atty., Knoxville, Tenn., on the brief.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

Appellant, Frank Millard Benson, was convicted by a jury of "storing" a stolen motor vehicle, in violation of 18 U.S.C. § 2313. In the first count of a three-count indictment, Benson was charged, with two others (Holloway and Smith), with "concealing" the stolen motor vehicle; in count two the three were charged with "receiving" it; count three charged Benson, alone, with "storing" it.

Upon the government's motion, nolle prosequi, the indictment was dismissed as to Smith. After one mistrial because of the jury's failure to agree, the case went to trial against Holloway and appellant Benson. Holloway was acquitted, Benson was convicted. Benson's motion for severance, made prior to the second trial, was denied.

Appellant asks that we grant him a new trial, assigning the following alleged errors: first, the denial of his request for severance; second, the reception of evidence of admissions made by his codefendant outside of appellant's presence; third, latitude allowed the government in cross-examining a defense character witness; and fourth, the inconsistency of the jury's verdict, in that it acquitted Benson and his codefendant Holloway of "concealing" and "receiving" the stolen vehicle as charged in counts one and two, but convicted Benson of "storing" it, as charged in count three.

1) Severance.

Appellant's request for a separate trial was based on the fact that at

the first trial two government witnesses had testified to admissions made by the codefendant Holloway which implicated appellant Benson in the alleged criminal enterprise. Appellant avers that such evidence prejudiced him, and charges that with knowledge of its likely use upon retrial the District Judge should have granted a severance. The disposition of such a motion was a matter within the discretion of the District Judge. Sharp v. United States, 195 F.2d 997, 999 (C.A. 6, 1952); United States v. Cohen, 124 F. 2d 164, 166 (C.A.2, 1941), cert. den. 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210. The District Judge's ruling would be reversed by us only if we were persuaded that it "resulted in an infringement upon the accused's right to receive a fair trial," Maupin v. United States, 225 F. 2d 680, 682 (C.A.10, 1955), or that he had abused his discretion. Bullock v. United States, 265 F.2d 683, 689 (C.A.6, 1959) cert. den. 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed. 1260. We are not so persuaded.

2) Reception of evidence of admissions.

■ Evidence was received of admissions made by appellant's codefendant Holloway which were clearly hearsay as to appellant Benson, but were admissible against Holloway. The District Judge adequately admonished the jury that such evidence should not be considered by them in passing upon the case against Benson. Had the motion for severance been granted, such evidence would not have been admissible. Inasmuch as we are remanding for a new trial which will involve only Benson, such evidence will then be subject to appropriate objection. We consider further discussion unnecessary.

3) Cross-examination of character witness.

Upon cross-examination of a defense character witness, government counsel inquired as to the witness' criminal record. He was permitted to show that some 30 years before, the witness had been convicted of a felony and served a prison sentence, and the district attorney then proceeded to inquire whether the witness "had many other charges." Upon objection, the District Judge told the jury that they were not to consider charges and announced the familiar rule:

"It is convictions that may be considered by the jury in weighing this man's testimony and the convictions must involve moral turpitude."

The government attorney then, emphasizing that the witness was a character witness, proceeded over objection, first to disclose that the witness had been charged, but acquitted of, "violation of age of consent" [we assume statutory rape] some 32 years before when the witness was a teenage boy. The examination then continued:

"Q. You mean you haven't been in conflict with the law since then?

"A. I have been acquitted.

"Q. Do I understand you to say that you have not been in difficulty with the law, arrested, and so forth, on charges since 1954?

"A. I don't believe I have a conviction on any charge. I don't believe I have a conviction on any charge. I have been acquitted on any I have been accused of.

"Q. Driving while under the influence?

"A. Been acquitted on driving while under the influence by a Grand Jury.

"Q. What about the drunkenness charges here in the City of Knoxville, how many of those—how many fines have you paid in the past few years?

"A. I couldn't say.

"Q. When was the last time you were down at the police station on a charge of drunkness and other violations?

"A. I believe last year while driving under the influence. The Grand Jury returned a not true bill.

"Q. In fact, you have some 18, 20 or 25 drunkenness charges in the city—

"Mr. Simpson: May it please the Court, I am still raising the objection

and moving for a mistrial on the part of defendant Benson.

"Q. —for the past few years?

"The Court: Your motion is overruled, the motion for a mistrial is overruled and we are going through with this trial, gentlemen.

"A. Not the past few years."

 It was proper to test the witness' credibility by showing previous convictions, but we consider that the foregoing examination violated the rule which the District Judge had already announced. Such was the correct rule. In Henderson v. United States, 202 F.2d 400, 406 (C.A.6, 1953) we said,

"* * * the cross-examination should be limited to showing convictions for felonies or crimes involving moral turpitude."

We were there dealing with cross-examination of a defendant charged with crime who had taken the stand in his own defense. But such rule applies to the cross-examination of any witness whose credibility is in issue. Rizzo v. United States, 304 F.2d 810, 831 (C.A.8, 1962), cert. den. 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed.2d 123; Ramirez v. United States, 294 F.2d 277, 284 (C.A.9, 1961); 3 Wigmore, Evidence § 980a (3rd ed. 1940). It is true that greater liberality is indulged in the cross-examination of a character witness as to his knowledge of arrests of and charges made *against the defendant whose character is the subject of the inquiry.* Accord, United States v. Gosser, 339 F.2d 102, 112 (C.A.6, 1964). But the freedom in this regard remains qualified as Mr. Justice Jackson noted:

"[The] rule is sometimes confused with that which prohibits cross-examination to credibility by asking a witness whether he himself has been arrested.

"Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." Michelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 221, 93 L.Ed. 168, 177 (1948).

The government has neither urged nor demonstrated that the proof of appellant Benson's guilt was so overwhelming that we should overlook the examination as not affecting his substantial rights. 52 (a) F.R.Crim.P. We are, therefore, constrained to order a new trial.

4) Alleged inconsistency of the verdict.

 Appellant Benson, along with his codefendant Holloway, was acquitted of "receiving" and "concealing" the involved motor vehicle as charged in counts one and two. He was, however, convicted of "storing" it as charged in count three. Such inconsistency will not vitiate the conviction under a count which properly charges the offense committed. United States v. De Lucia, 262 F.2d 610, 616 (C.A.7, 1958).

The judgment of the District Court is reversed and a new trial ordered.