**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Roland KING, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edna Frances CASE, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leonard John CLEMONS, Defendant-Appellant.**

Nos. 17219, 17793, 17794.

United States Court of Appeals Sixth Circuit.

June 7, 1967.

William E. Badgett, Knoxville, Tenn., for appellant, King.

No argument or brief for appellant, Case.

William R. Fain, III, Knoxville, Tenn., for appellant, Clemons.

G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., for appellee.

J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief.

Before CELEBREZZE and McCREE, Circuit Judges, and WEINMAN, District Judge*.

PER CURIAM.

Defendants James King, Leonard Clemons, Edna Case and Romona Rutherford [1] were indicted in a 16 count indictment wherein all defendants were charged, in Count 1, with conspiracy to steal certain United States Treasury checks and to utter and publish those checks. The remaining counts of the indictment pertained to substantive offenses with respect to the alleged theft, uttering and publishing of these checks.

The defendant Rutherford entered a plea of guilty; the other co-defendants entered pleas of not guilty, were tried, convicted on all counts and sentenced. The defendants who stood trial, King, Clemons and Case, have appealed their convictions and the Court has consolidated those appeals.

 We have carefully reviewed the record and find that the convictions before us must be reversed and a new trial granted. One of the assignments of error pertains to the district attorney's questioning of defendant King with respect to the number of times he had been arrested. The district attorney attempts to justify this line of questioning by arguing that defendant King had placed his general character in question. However, we find that at the time this line of questioning was commenced the defendant's character had not been placed in question; and the fact that defendant may have called character witnesses subsequent to the district attorney's improper questioning does not cure the error. Counsel for defendant may well have been of the opinion that he had to call such witnesses on behalf of defendant in an attempt to counter the effect of the action of the district attorney. Counsel was therefore placed in the unenviable position of having to decide whether to call character witnesses and thereby place defendant's character in question or to allow the damage which may have been done to defendant's character to stand unrefuted. It is clear that the district attorney cannot force a defendant or his counsel into such a choice. For an excellent discussion of the law regarding impeachment of a defendant's credibility in a criminal action, see United States v. Walker, 313 F.2d 236 (6 Cir. 1963). See also United States v. Benson, 369 F.2d 569 (6 Cir. 1966).

 We further note that the district attorney's questioning of defendant Clemons with respect to the illegal cashing of checks on the way to Florida, those checks not being the subject of the charges in the indictment, and an arrest in Florida constituted error. In view of the foregoing, and the added fact that Count 1 of the indictment charged a conspiracy, which is a crime in which the character and actions of one conspirator reflect heavily upon co-conspirators, we hold that the errors committed constituted plain error and permeated the entire trial.

The Court is further of the opinion that the government witness Fred H. Turner, a City police officer, was not asked the proper questions so as to qualify him as a competent witness to testify as to the reputation of any defendant.

In conclusion, we believe that upon retrial the District Judge should hold a hearing prior to trial to determine all

---

* Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. These parties will be designated as they were in the District Court, as defendants.

questions regarding suppression of evidence. We note that upon retrial the application of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) must be examined.

In accordance with the foregoing, the convictions of defendants James King, Leonard Clemons and Edna Case are reversed and a new trial granted.