Earl Rudolph ABERNATHY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19145.

United States Court of Appeals Eighth Circuit.

Nov. 7, 1968.

Before MATTHES, MEHAFFY, and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The defendant was convicted by a jury on three counts: (1) unlawful possession of a United States Treasury check while knowing the same to have been stolen from the United States mail in violation of 18 U.S.C. § 1708; (2) falsely altering and forging the check by endorsing the name of the payee on the back of the check in violation of 18 U.S.C. § 495; and (3) uttering and publishing a falsely altered and forged writing in violation of 18 U.S.C. § 495. The defendant was sentenced to three years in the custody of the Attorney General on each count; the sentences to run concurrently. He appeals. We affirm.

The defendant contends that the District Court erred: (1) in failing to declare a mistrial when a police officer testified that he had taken an exemplar of the defendant's handwriting on April 7, 1965, at police headquarters; (2) in admitting into evidence a handwriting exemplar provided by the defendant without his first being advised of his rights under the Fifth Amendment of the United States Constitution and which thereby caused the defendant to incriminate himself; and (3) in admitting into evidence two appearance bonds to which the defendant had affixed his signature on November 3 and 11, 1967, respectively, without first being advised of his rights under the Fifth and Sixth Amendments of the United States Constitution and which thereby caused the defendant to incriminate himself.

## THE MOTION FOR A MISTRIAL

A prosecution witness testified that on April 7, 1965, he was a member of the Identification Bureau of the St. Louis County, Missouri, Police. He testified: that on that date he took a handwriting exemplar from an individual who signed his name as "Earl Abernathy;" that the procedure of taking exemplars was followed routinely when-

Arthur S. Margulis, of Cook, Murphy, Lance & Mayer, St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S., Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., St. Louis, Mo., on the brief.

ever a person was arrested or taken into custody; and that he could not identify the defendant as the person who gave him the exemplar.

The defendant claims that this testimony constituted grounds for a mistrial as it put into evidence a previous unrelated arrest even though the defendant's character had not been placed in issue.

■ The general rule is that the introduction of a previous unrelated arrest by the prosecution demands reversal where the defendant had not placed his character in issue. Cochran v. United States, 310 F.2d 585 (8th Cir. 1962); Bram v. United States, 226 F.2d 858 (8th Cir. 1955). The exclusionary rule is required not because of lack of relevance but because such evidence is highly prejudicial, is calculated to weigh heavily with the jury and may cause it to prejudge the defendant on his past conduct. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

■ Nevertheless, the rule is not without its exception. This case falls squarely within the identity exception. Our decision in Cochran v. United States, supra, 310 F.2d at 589, is controlling:

> " * * * All facts affording any reasonable inference as to the identity of a person charged with having committed a crime are properly admitted when it tends to establish guilt. Any reasonable inference drawn therefrom which might tend to discredit appellant's character was only incidental and is no valid ground for excluding such testimony * * * "

See, Rich v. United States, 384 F.2d 887 (5th Cir. 1967); United States v. Deaton, 381 F.2d 114 (2nd Cir. 1967).

A primary issue in this case was the identity of the individual who signed the forged endorsement on the check. The only direct evidence of the identity of the forger was the testimony of Samuel Harrold who testified that Earl Abernathy forged the endorsement in his presence. Harrold's testimony was suspect in that he admitted that he had operated an illegal gambling operation, had been suspected of involvement in an illegal check ring and was a convicted felon.

Apart from the suspect testimony of Harrold as to identity, the government was left to rely on the handwriting comparison evidence. The government introduced three exhibits to establish this fact: Exhibit 3—the exemplar, and Exhibits 4 and 5—the appearance bonds. The government's handwriting expert testified that he was certain that the same person signed Exhibits 3, 4 and 5, and that it was highly probable that the person who signed the exhibits had also forged the check. He added, however, that if he had to rely on any one of the exhibits alone, he could not make a meaningful comparison with the signature on the check.

It is also apparent from a reading of the transcript that the expert's opinion was based primarily on the handwriting exemplar. However, the bonds were the only link between the defendant and the individual who signed the exemplar as the police officer could not identify Abernathy. The expert was able, through a comparison of the signatures, to state that the same person signed all three exhibits.

Under these circumstances, the government was justified in introducing the exemplar into evidence even though the defendant's character may have been incidentally discredited. The evidence was relevant, competent, material and vital to the government's case. At issue was the identity of the forger of the check and the testimony was necessary to connect Abernathy with the forged endorsement. We find no error in the trial court's ruling.

## THE HANDWRITING EXEMPLAR

■ The defendant urges that the admission of this evidence violated his rights under the Fifth Amendment in that he was not advised of his rights prior to having provided the sample. We do not agree.

The defendant's reliance on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is misplaced. The Supreme Court held in Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), that the taking of a handwriting exemplar does not violate the privilege against self-incrimination. The Court held, citing Schmerber v. State of California, 384 U.S. 757, 763–764, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), that the Fifth Amendment privilege against self-incrimination does not reach " 'compulsion which makes a suspect or accused the source of "real or physical evidence" * * *.' " Gilbert v. California, supra, 388 U.S. at 266, 87 S.Ct. at 1953.

The Court further stated, citing United States v. Wade, 388 U.S. 218, 222–223, 87 S.Ct. 1926, 1953, 18 L.Ed.2d 1149:

" * * * It by no means follows, * * * that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. * * * "

Gilbert v. California, supra, 388 U.S. at 266–267, 87 S.Ct. at 1953.

Similarly, the Court dismissed the contention that the taking of a handwriting exemplar when counsel was absent violated the petitioner's Sixth Amendment rights.

" * * * [T]here is a minimal risk that the absence of counsel might derogate from his right to a fair trial. * * * '[T]he accused has the opportunity for a meaningful confrontation of the (State's) case at trial through the ordinary processes of cross-examination of the (State's) expert (handwriting) witnesses and the presentation of his own (handwriting) experts.' United States v. Wade, su-

pra [338 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149] at 227–228 * * *." Gilbert v. California, supra, at 267, 87 S.Ct. at 1953.

## APPEARANCE BONDS

 Finally, the defendant urges error in the trial court's admission of two appearance bonds which bore Abernathy's signature on the basis that the signature was affixed without the defendant first being advised of his rights under the Fifth and Sixth Amendments of the United States Constitution.

We disagree. The teachings of the Supreme Court in Gilbert, Wade and Schmerber are as applicable to the appearance bonds as they were to the exemplar.

Affirmed.