UNITED STATES of America,
Plaintiff-Appellee,

v.

Willie Thomas RUDOLPH, William E.
Taylor and Albert Reese, Defendants-
Appellants.

No. 18369.

United States Court of Appeals
Sixth Circuit.

Dec. 4, 1968.

James R. Willis, Cleveland, Ohio, for defendants appellants.

Carl H. Miller, Cleveland, Ohio, for plaintiff-appellee; Bernard J. Stuplinski, U. S. Atty., Frederic K. Jurek, Asst. U. S. Atty., Cleveland, Ohio, on brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

WEICK, Chief Judge.

Appellants, Rudolph, Taylor and Reese, were found guilty by a jury in the District Court of conspiracy to violate the narcotics laws. 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Rudolph and Taylor were each sentenced to five years' imprisonment, and Reese to ten years' imprisonment.

The Government's evidence was supplied by an informer named Herbert Robinson, three Federal Narcotics Agents, and two detectives from the City of Cleveland who accompanied Robinson to Mansfield, Ohio, where a sale of narcotics was consummated.

At the trial, Taylor was the only defendant who testified. On cross-examination, the first question asked of him

by the Assistant United States Attorney, was:

"By Mr. Jones:

Q. Mr. Taylor—

A. Yes.

Q. —did you and Albert Reese and Willie Rudolph send Donald Gregory to Cleveland to kill Emmitt Robinson?*

Mr. Willis: [Attorney for Rudolph and Taylor] I object, and I move for a mistrial.

The Court: The objection is sustained, and I am going to ask the jury to completely disregard any statement to that effect."

The Court denied the motion for a mistrial and also a like motion of counsel for Reese.

The Government did not undertake to prove on rebuttal that the defendants sent Gregory to Cleveland to murder Robinson, and the record does not disclose any factual basis for the question. The question was therefore not only improper but it was highly prejudicial to the defendants to propound it.

Defendants Reese and Rudolph had not taken the witness stand and there was no occasion to offer impeachment evidence against them.

■ It is clear that ordinarily on cross-examination a defendant may not be questioned as to whether he participated in unrelated specific acts of criminal conduct not resulting in a conviction, as such evidence has no relevancy to the issue of defendant's guilt or innocence of the crime charged, and such evidence is likely to be extremely prejudicial. United States v. King, 378 F.2d 359 (6th Cir. 1967); United States v. Benson, 369 F.2d 569 (6th Cir. 1966); Gregory v. United States, 125 U.S.App. D.C. 140, 369 F.2d 185 (1966); Hurst v. United States, 337 F.2d 678 (5th Cir. 1964); Thurman v. United States, 316 F.2d 205 (9th Cir. 1963); Manley v. United States, 238 F.2d 221 (6th Cir.

1956); Pierce v. United States, 86 F.2d 949 (6th Cir. 1936).

The Government did not establish the relevancy of such evidence in the present case.

■ The Government contends that the error was cured by the court's instruction to the jury to disregard the question. While ordinarily the trial court has discretion to determine whether a cautionary instruction is sufficient to avoid granting a mistrial, we think that the question asked in this case was so clearly improper and prejudicial to the defendants that the harm could not be erased by any instruction which the court might give. United States v. Smith, 403 F.2d 74 (Case No. 18,364 6th Cir. 1968); Courtney v. United States, 390 F.2d 521 (9th Cir. 1968); Odom v. United States, 377 F.2d 853 (5th Cir. 1967); United States v. Rinaldi, 301 F.2d 576 (2nd Cir. 1962). See also Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959).

But this was not the only improper question asked by the Government attorney. Later in the same cross-examination of Taylor, he continued:

"Q. You knew that Reese had been convicted, arrested and convicted, of a narcotics violation in the State of Ohio?

Mr. Willis: Objection. I move for a mistrial and ask the court to instruct the jury to disregard this. I move for a trial.

Mr. Wolery: I join in the motion on behalf of Reese.

The Court: I am going to tell the jury to completely disregard any statement made by Mr. Jones with reference to any other crimes which he has stated one of the defendants may have committed. It has no bearing in this case at this time, and you are to completely disregard the question. It has

---

* The Government informer, whose correct name is Herbert Robinson.

nothing—you are not to consider it at any time at all, and the court will overrule the motion for a mistrial."

■ Evidence of prior criminal convictions is inadmissible as irrelevant where the defendant does not testify and his character is not otherwise in issue. Courts have consistently held that evidence of an unrelated prior crime is not probative of the crime in the present trial and is highly prejudicial to the defendant. Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892); United States v. Birns, 395 F.2d 943 (6th Cir. 1968); Dillon v. United States, 391 F.2d 433 (10th Cir. 1968); United States v. Harman, 349 F.2d 316 (4th Cir. 1965); Freeman v. United States, 116 U.S.App.D.C. 213, 322 F.2d 426 (1963); Henderson v. United States, 202 F.2d 400 (6th Cir. 1953).

■■ Like the previous question, we are of the opinion that the cautionary instruction did not remove the prejudice. It must be remembered that after the saber thrust, the withdrawal of the saber still leaves the wound. But this error related only to Reese and not to the other two defendants and did not prejudice them. United States v. Rinaldi, 301 F.2d 576 (2nd Cir. 1962).

It is contended that this evidence was admissible as a similar act to establish motive or intent. Tandberg-Hanssen v. United States, 284 F.2d 331 (10th Cir. 1960); Kowalchuk v. United States, 176 F.2d 873 (6th Cir. 1949).

■ The question propounded, however, was not formulated to prove a similar act, but only to inquire whether Taylor knew that Reese had been convicted of a crime in the state court. Whether or not he knew was not material to any issue in the case. It is the type of question which could properly be asked of a character witness on cross-examination. But Taylor was not a character witness; he was testifying in his own behalf. Reese did not testify, and impeaching evidence could not be offered against him.

The record reveals that the District Court permitted extensive cross-examination of the Government informer Robinson. We find no abuse of discretion in its rulings in respect thereto.

■ In our opinion, the evidence was sufficient to support the conviction.

We regret the necessity of setting aside the judgment of conviction in a case otherwise tried free from error. We are of the opinion that the conduct of the Assistant United States Attorney as above portrayed operated to deprive the appellants of a fair trial, to which they were entitled, and that reversal is required.

The judgment of conviction is reversed as to each defendant and the cause is remanded for a new trial.