**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Roland KING, Leonard John Clemons, Edna Frances Case, Defendants-Appellants.**

**Nos. 18467–18469.**

United States Court of Appeals
Sixth Circuit.

Aug. 6, 1969.

Rehearing Granted in No. 18468.

Certiorari Denied Dec. 8, 1969.
See 90 S.Ct. 465.

W. E. Badgett, Knoxville, Tenn., for appellant James Roland King.

William R. Fain, Knoxville, Tenn., for appellant Leonard John Clemons.

Andrew J. Evans, Jr. (Court Appointed), Knoxville, Tenn., for appellant Edna Frances Case.

Edward E. Wilson, Knoxville, Tenn. (J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before PHILLIPS, EDWARDS, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

These are appeals from judgments of conviction in a second trial[1] entered on a jury verdict finding appellants guilty of conspiracy to steal, utter and publish certain United States Treasury checks, and of the substantive offenses of stealing, uttering and publishing those checks, in violation of 18 U.S.C. §§ 371, 495 and 1708. The questions presented are whether the District Court's refusal to dismiss the ·jury panel because of a colloquy which took place in its presence between the judge and counsel for appellant King constitutes reversible error; whether certain handwriting specimens and expert testimony concerning them were properly received into evidence; whether testimony concerning the license plate number of a car allegedly used in the commission of one of the substantive offenses is admissible into evidence; and whether it is permissible for the District Court to sentence appellant King to a longer term of imprisonment than the court imposed after his first conviction on the same charges.

■ Initially, appellants contend that the members of the jury panel were prejudiced against them by the admonishment which the District Court delivered to appellant King for his belated appearance in the courtroom,[2] and by the judge's negation of King's attorney's claim that the court had promised not to reprimand his client for his tardiness in the presence of the panel.[3] We regard the preju-

1. Appellants' convictions on the same charges in an earlier trial were reversed by this court in United States v. King, 378 F.2d 359 (6th Cir. 1967).

2. THE COURT: Now it is ten minutes after nine o'clock. From now on the defendants will comply with the orders of their attorneys and we won't sit here and wait and keep the jury waiting from now on. You do what your attorneys tell you to do then we won't have to wait on you.

3. MR. BADGETT: Your Honor, I want to object to that. I went to the bench and asked your Honor to recess so that that fact would not be made known to this jury, and your Honor assured me it would not be made known that he was delaying the Court.

THE COURT: The Court did not do that, Mr. Badgett.

MR. BADGETT: You assured me you would not—

THE COURT: I said we would wait on them.

MR. BADGETT: I said I did not want the jury—

THE COURT: All right. You just stated it for the record. That is not true.

MR. BADGETT: What, your Honor?

THE COURT: That I said that it would not be made known. I said we would wait on them, the defendants, that is what I told you.

MR. BADGETT: Your Honor, I approached the bench with Mr. Fain and I

dicial effect of the admonition as minimal. The exchange which followed between the trial judge and King's attorney was regrettable, but nothing in the record enables us to determine whether the judge in fact made the promise attributed to him. Even if he did, however, any serious prejudicial effect which the colloquy might have had was cured by his prompt instructions to the panel.

THE COURT: Members of the jury, the Court did not say anything and did not intend to say anything that reflected upon the character or the honesty of Mr. Badgett [King's attorney], and keep that in mind. These statements that were made while you were in here, Mr. Badgett came up to the Bar and said something to the Court and the Court replied, and the Court did not intend, and does not intend and will not intend, to reflect on Mr. Badgett in any manner or any of these other lawyers representing the defendants.

Therefore, we hold that the trial judge's refusal to dismiss the jury panel was, at most, harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), reh. denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967).

■ Secondly, appellants contend that the District Court erroneously denied their pretrial motion to suppress certain handwriting exemplars obtained from appellant Case. They claim that because the government failed to advise her of her constitutional rights before it asked her to make the specimens, suppression of this evidence is required by Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The District Judge correctly held, however, that the taking of the exemplars violated none of appellant's constitutional rights

under those cases. Gilbert v. California, 388 U.S. 263, 266, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Furthermore, expert testimony concerning this evidence is clearly relevant and is similarly admissible.

■ The next question presented is whether testimony concerning the license plate number of a car allegedly used in connection with the uttering and publishing of one of the checks is of sufficient probative value to render it admissible. We hold that it is.

The clerk in the store in which the check was cashed wrote down the license plate number of the car used by the customer as "BC–2034". He was unable to recall the make of the car but remembered that it was a green four-door model. The number was apparently recorded incorrectly, however, because it was later traced to a blue, two-door Chevrolet. But the Government introduced evidence that appellant King's wife owned a green, four-door Chevrolet whose license plate number was "BC–3024" and that King had been seen driving the car himself. The jury could properly infer from this that the clerk actually saw Mrs. King's car and inadvertently transposed two of the numbers on the license plate.

■ Appellants' contention that the testimony of the store owner and two of his employees concerning the actions of the clerk when he wrote down the number constitute inadmissible hearsay is totally without merit.

■ Finally, appellant King challenges the propriety of the five-year concurrent sentences which he received from the District Judge after his second conviction. At his first trial on these charges, he was also convicted but was then sentenced to *four*-year concurrent terms.[4]

Since the District Court's consideration of this case, the Supreme Court has

---

asked your Honor to recess five or ten minutes.

THE COURT: Mr. Badgett, we are going to start into the trial and continue with it.

4. See note 1, *supra.*

held that the imposition of a more severe sentence under circumstances similar to those involved here is unconstitutional unless supported by the trial judge's statement of the reasons for such action. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (June 23, 1969). The Court stated:

> In order to assure the absence of \* \* \* [an improper] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. 89 S.Ct. at 2081.

Here the District Court did not state the reasons for its imposition of the more severe five-year concurrent sentences and we therefore remand this case for reconsideration of the sentence in light of the requirements set forth in *Pearce*.

The judgments of the District Court in United States v. Clemons and United States v. Case are affirmed. The conviction in United States v. King is affirmed but the sentence is vacated and the case is remanded to the District Court for such action, not inconsistent with this opinion, as it deems appropriate.

### ORDER GRANTING REHEARING IN NO. 18468

Appellant's motion for rehearing having come on to be heard, and the court having been advised for the first time that appellant received a more severe sentence in the District Court after his second trial, upon consideration,

It is ordered that the petition be, and it is, hereby granted, and it is further ordered that his conviction be, and it is, hereby affirmed but the sentence is vacated and the case is remanded to the District Court in light of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (June 23, 1969).