UNITED STATES of America,
Appellee,

v.

Jearl Lewis ACREMAN, Appellant.

No. 20172.

United States Court of Appeals,
Eighth Circuit.

Dec. 10, 1970.

Rehearing Denied Jan. 14, 1971.

Ben Core, Fort Smith, Ark., for appellant.

Bethel B. Larey, U. S. Atty., Fort Smith, Ark., and James A. Gutensohn, Fort Smith, Ark., for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

PER CURIAM.

Defendant, Jearl Lewis Acreman, was charged in a two-count grand jury indictment with conspiring to commit an offense against the United States in violation of 18 U.S.C.A. § 371 and with causing, with unlawful and fraudulent intent, a falsely made security to be transported in interstate commerce in violation of 18 U.S.C.A. § 2314. The defendant pled not guilty and was tried before a jury on October 23, 1969. The

jury returned a verdict of guilty on both counts and, in December, Judge Paul X. Williams sentenced the defendant to four years imprisonment. The defendant appeals.

On appeal, the defendant concedes that there was sufficient evidence, if admissible and if believed, to sustain the jury's verdict. He alleges, however, that the trial court committed prejudicial errors which require a reversal of the verdict. We disagree. After carefully studying the briefs and records, we have determined that the trial court erred once, but do not believe that this error entitles the defendant to a new trial.

A substantial part of the government's case was the testimony of Robert Wyatt, an agent of the F.B.I., who had interviewed the defendant and had obtained a number of damaging oral admissions. When Wyatt took the stand, he identified himself and his occupation. He testified that he knew the defendant and that he had taken the defendant into custody on two occasions. His testimony continued:

"Q. What is the procedure when you take a man into custody on a charge? What did you do in this case?

"MR. CORE: We object unless this is this charge.

"THE COURT: He may state what he did.

"Q. *You said two charges. I will ask what the two charges were?*

"A. *The first charge was on a charge of interstate transportation of stolen property. The second time that I was to take him into custody was for bond default.*

"Q. At the first charge that you took him into custody, I will ask you what you did and what you advised him of.

"A. At the particular time that I took him into custody I advised him of the outstanding indictment against him, I placed him in the local jail in Conroe, Texas, and he was thereafter transported by the United States Marshal to the Houston jail, Houston, Texas.

"MR. CORE: I object to this as irrelevant and prejudicial to the defendant. It has nothing to do with this case.

"THE COURT: He can state just what occurred. I will overrule you [sic] objection on the grounds of irrelevancy. Go right ahead.

"Q. *Did you interview him with reference to the charge of the interstate transportation?*

"A. *He was interviewed but not at the time he was taken into custody.*

"Q. Where and when did you interview him with reference to the charge in question?

"A. I interviewed him in Conroe, Texas, in front of his mother's residence on February 21, 1968." (Emphasis added.)

In our view, Wyatt's statement that he had taken the defendant into custody for an offense other than that for which he was on trial should not have been received. Abernathy v. United States, 402 F.2d 582 (8th Cir. 1968); Love v. United States, 386 F.2d 260 (8th Cir. 1967), cert. denied, 390 U.S. 985, 88 S.Ct. 1111, 19 L.Ed.2d 1286 (1968). The testimony did not fall within one of the exceptions to the general rule:

"Evidence of other crimes is admissible when relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other, and (5) the identity of the person charged with the commission of the crime on trial. When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value."

Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85, 90 (1964), quoted and cited in United States v. Lewis, 423 F.2d 457, 459 (8th Cir. 1970); Love v. United States, *supra.*

Nevertheless, a fair reading of the entire transcript makes it clear that the testimony objected to did not prejudice the defendant since his counsel brought the same information to the jury's attention in attempting to show that the defendant's oral statements to Wyatt were involuntarily given. The thrust of this defense was that Wyatt had tricked the defendant into making damaging admissions with respect to the instant charges by leading him to believe that he was being questioned in regard to an unrelated car theft charge. The trial judge held the required *Jackson-Denno* hearing outside the presence of the jury and found the statements to be voluntary.[1]

The defense, nevertheless, attempted to make the point to the jury. In this attempt, the defense counsel elicited from both the defendant and defendant's mother the fact that Wyatt had questioned the defendant about an allegedly stolen car. The defense counsel brought out the fact that a stolen car complaint against the defendant had been filed by the wife of a man the government alleged was an accomplice of the defendant; that a federal warrant was issued on the basis of this complaint; and that the defendant had possession of the car in question but that he had a good defense to the charge.

While this approach may not have successfully persuaded the jury that the statements made to Wyatt were involuntary, we do think it successfully eliminated any claimed prejudice arising from Wyatt's earlier testimony concerning the stolen car charge against the defendant. There is no indication in either the trial transcript or the appellate briefs that this testimony was elicited in order to meet the improper innuendoes flowing from Wyatt's earlier testimony.

This opinion should not be read as a retreat from the general principle that the improper admission of evidence of other crimes is prejudicial and will normally require reversal. See, United States v. Rudolph, 403 F.2d 805 (6th Cir. 1968); Abernathy v. United States, *supra*; United States v. White, 355 F.2d 909 (7th Cir. 1966), cert. denied, 389 U.S. 1052, 88 S.Ct. 796, 19 L. Ed.2d 846 (1968); Osborne v. United States, 351 F.2d 111 (8th Cir. 1965); Upham v. United States, 328 F.2d 661 (5th Cir. 1964); Kempe v. United States, 151 F.2d 680 (8th Cir. 1945). We hold only that where a defense strategy, unrelated to the improper testimony, vitiates the possible prejudice from the evidence of unrelated crimes, the defendant is not entitled to a new trial.

Affirmed.

---

I. There is no contention on appeal that this ruling was erroneous.