## COMMONWEALTH vs. BEVERLY TAYLOR.

No. 06-P-1037.

Middlesex. March 15, 2007. - July 9, 2007.

Present: LENK, GREEN, & SIKORA, JJ.

*Practice, Criminal,* Waiver of trial by jury, Plea.

This court concluded that there was no error in a District Court judge's failure to invite a criminal defendant to revoke her jury waiver or request trial before a different judge after the defendant admitted to sufficient facts to support convictions on the charged offenses but elected not to proceed with entry of guilty pleas, where no statute or court rule imposed such duty. [527-531]

COMPLAINTS received and sworn to in the Newton Division of the District Court Department on March 21, 2005.

The cases were heard by *Dyanne J. Klein,* J.

*Allison J. Koury* for the defendant.

*KerryAnne Kilcoyne,* Assistant District Attorney, for the Commonwealth.

GREEN, J. When a defendant who has waived trial by jury in the District Court admits to facts sufficient to support convictions on the charged offenses, but elects not to proceed with entry of guilty pleas, must the court advise the defendant that she has the right either to revoke her jury waiver or to proceed to trial before a different judge? We conclude that no statute or court rule imposes such an obligation on the court without a request by the defendant or her counsel, and accordingly affirm the defendant's convictions.

*Background.* The defendant was arraigned in the Newton District Court on April 15, 2005, on charges of uttering a false check, see G. L. c. 267, § 5, and larceny of property over $250, see G. L. c. 266, § 30(1). On the same day, the defendant entered pleas of not guilty. On October 26, 2005, after an appropriate col-

loquy, the defendant waived her right to a jury trial, and the case was continued to December 5, 2005, for a bench trial.

On December 5, 2005, the defendant appeared for trial with appointed counsel. After some equivocation, the defendant indicated her desire to change her plea to guilty as to both charges, and the judge conducted a colloquy to assess whether her decision to change her pleas was knowing and voluntary. The colloquy progressed through a recitation by the Commonwealth of the evidence on which it would rely to prove the defendant's guilt, and the defendant's affirmative response to the judge's question, "Is that what happened?" However, before the colloquy concluded, the defendant balked in response to the judge's question, "Do you want to enter an admission to sufficient facts in this case?" The judge thereupon terminated the colloquy and, following a brief recess, conducted a jury-waived trial. The judge found the defendant guilty of both charges, and the defendant appealed.

*Discussion.* The defendant's principal claim on appeal is that, having heard the defendant's admission of facts sufficient to support her convictions, the judge should have given the defendant an opportunity to revoke her previous jury waiver, or alternatively to have her case tried before a different judge, when the defendant elected to withdraw the tender of her guilty pleas.[1] In support of her claim, the defendant relies principally on the provisions of G. L. c. 218, § 26A, and Dist./Mun.Cts.R.Crim.P. 4(e).[2]

General Laws c. 218, § 26A, as amended by St. 1992, c. 379,

---

[1]There is no merit to the defendant's separate contention that the judge erred in admitting in evidence (over the defendant's objection) a photocopy of the fraudulent check. The bank branch manager testified to the bank's procedures for imaging checks presented for payment and printing photocopies of the imaged checks thereafter. The photocopy of the check was accordingly properly admitted as a business record. See G. L. c. 233, § 78; *Beal Bank, SSB* v. *Eurich,* 444 Mass. 813, 815 (2005). The branch manager further testified that the photocopy was a fair and accurate representation of the original check he viewed at the time the defendant presented it for payment. To the extent the defendant asserts weaknesses in the evidence regarding the chain of custody of the photocopy after its creation, such weaknesses go to the weight of the evidence rather than its admissibility. *Commonwealth* v. *Hogg,* 365 Mass. 290, 294-295 (1974).

[2]The defendant has also cited several Federal cases standing for the general proposition that a judge who learns of a defendant's willingness to tender a guilty plea should not preside over a jury-waived trial of that defendant. See,

§ 139, provides, so far as pertinent to the defendant's argument, as follows:

> "Where the defendant has properly filed a waiver and consented to be tried without a jury, as hereinbefore provided, trial shall proceed in accordance with the provisions of law applicable to jury-waived trials in the superior court; provided, however, that at the option of the defendant, the trial may be before a judge who has not rejected an agreed recommendation or dispositional request made by the defendant pursuant to the provisions of section eighteen of chapter two hundred and seventy-eight."[3]

We consider the defendant's argument to be governed in all material respects by the holding in *Commonwealth* v. *Armand*, 411 Mass. 167, 173-175 (1991). The circumstances in that case (which the defendant did not acknowledge in her brief) were quite similar to those in the present case. On December 13, 1989, the defendant (who was represented by counsel) executed a written waiver of his right to a jury trial. *Id.* at 172. On January 22, 1990, the day scheduled for trial, the defendant and the prosecution agreed on a joint recommendation for disposition and sentence. However, after reviewing the police report, the judge stated that he would not accept the proposed recommendation

---

e.g., *United States* v. *Walker*, 473 F.2d 136, 138 (D.C. Cir. 1972); *United States* v. *Gallington*, 488 F.2d 637, 639-640 (8th Cir. 1973), cert. denied, 416 U.S. 907 (1974); *United States* v. *Farid*, 733 F.2d 1318, 1321 (8th Cir. 1984). However, none of the Federal cases cited by the defendant disturbed a defendant's conviction by reason of the failure of the trial judge to step aside after hearing a failed guilty plea. Moreover, the court in *United States* v. *Gallington, supra*, held that a defendant in such circumstances would not be entitled to any remedy absent a showing of actual prejudice. Even to the extent such an admonishment may approach the status of an advisory rule of practice in the District of Columbia, see *United States* v. *Walker, supra* at 139 & n.3, it has acquired no such status in Massachusetts, as discussed *infra*.

[3]It is not at all clear that the provisions of the statute encompass the circumstances of the present case. The judge in the present case did not reject an agreed recommendation or dispositional request; instead, the defendant withdrew her pleas before they were entered. We are also aware that allowing a defendant to insist as of right upon trial before a different judge, following withdrawal of a guilty plea, could potentially create opportunities for defendants to orchestrate the transfer of their cases from a particular judge, or to achieve a delay on the brink of trial in circumstances where a continuance otherwise would not be granted.

and that the trial would take place immediately. *Id.* at 172-173. The defendant's trial counsel neither moved to revoke the defendant's previous jury waiver nor objected to the case going to trial before the same judge. Following the trial, which resulted in a conviction, the defendant moved to "revoke filing of jury waiver and request trial by jury." *Ibid.* The court rejected the defendant's contention that, at the time the judge refused to accept the agreed disposition and sentence recommendation, he was required to afford the defendant an opportunity to revoke his jury waiver. *Id.* at 174-175.[4]

At oral argument, the defendant sought to distinguish *Armand* from the present case by observing that the judge in *Armand* did not hear the defendant admit to sufficient facts before proceeding to preside over a jury-waived trial as the sole finder of fact. The distinction is of no assistance to the defendant's cause, however, because the statute draws no such distinction in the circumstances giving rise to a defendant's entitlement to request trial before a jury or a different judge; if anything, the distinction merely calls into question whether the statute even applies to the defendant's circumstances. See note 3, *supra*.

Moreover, under the plain words of the statute, the opportunity to proceed to trial before a different judge is permissive rather than mandatory, and then only at the defendant's option. There is no requirement under the statute that a defendant's election to forgo that opportunity be made by affirmative act or be entered on the record, much less that (as urged by the defendant) the court conduct a colloquy to advise the defendant that she has the right to request trial before a different judge. By way of comparison, in those cases which have imposed an affirmative requirement for the court to conduct a colloquy, the colloquy has typically been for the purpose of ensuring that the waiver of a right of constitutional origin is

[4]*Commonwealth* v. *Armand, supra,* arose under the special act establishing a one-trial system in the District Courts in Essex and Hampden Counties on a transitional basis. See St. 1986, c. 537, § 8. However, the provisions of that act are identical to the cognate provisions of G. L. c. 218, § 26A, invoked by the defendant in the present case. The current version of § 26A was enacted by St. 1992, c. 379, § 139, incident to the expansion of the one-trial system throughout the District Court department of the Trial Court.

made knowingly and voluntarily.[5] See, e.g., *Commonwealth* v. *Morrow*, 363 Mass. 601, 603-605 (1973) (guilty plea, which operates to waive right to jury trial, right against self-incrimination, and right to confront witnesses); *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509-510 (1979) (waiver of jury trial); *Commonwealth* v. *Moran*, 388 Mass. 655, 659 (1983) (change of counsel).

The defendant's attempted reliance on Dist./Mun.Cts.R. Crim.P. 4(e) is inapposite, as the portion of that rule on which she relies applies by its terms only to "a District Court in which jury trials are not available and in which only one judge regularly sits."[6] The Newton District Court is not such a court, as jury trials are held in that court on Wednesdays and Thursdays of each week.[7]

Though represented by counsel, the defendant made no request upon the withdrawal of her pleas that she be allowed to withdraw or revoke her previous waiver of her right to a jury trial, nor did she request that her trial proceed before a different judge.[8] See *Commonwealth* v. *Armand, supra* at 173. There accordingly was no error in the judge's failure to invite the

---

[5]In the case of immigration warnings, the right is of statutory origin, but the statute itself imposes an explicit and detailed colloquy requirement. See G. L. c. 278, § 29D; *Commonwealth* v. *Hilaire*, 437 Mass. 809 (2002).

[6]The fourth paragraph of rule 4(e) provides

> "If a waiver of jury trial is accepted in a District Court in which jury trials are not available and in which only one judge regularly sits, and that judge has rejected defendant's tendered plea or admission, the defendant shall be asked if he or she waives the right to be tried by a different judge. If the right to be tried by a different judge is waived, the case shall be scheduled for jury-waived trial in that court. If the right to be tried by a different judge is not waived, the case shall be scheduled for jury-waived trial in the court in which a session has been designated for that purpose under G. L. c. 218, § 27A."

[7]We take judicial notice of "[m]atters pertaining to the organization, structure, and jurisdiction of the courts of the Commonwealth." M.S. Brodin & M. Avery, Massachusetts Evidence § 2.8.1, at 45 (8th ed. 2007).

[8]The defendant has asserted no claim of ineffective assistance of counsel. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). In any event, the defendant has identified no prejudice flowing from the conduct of her trial before the same judge who conducted the abortive guilty plea colloquy. Cf. *United States* v. *Gallington*, 488 F.2d at 639-640. Her defense at trial of mis-

defendant to revoke her jury waiver or request trial before a different judge.[9]

*Judgments affirmed.*

---

identification, based on an inconclusive security videotape, was overcome by the testimony of the branch manager, who identified the defendant as the person who presented the forged instrument for payment.

[9]The defendant has asserted no due process or other claim under the Massachusetts or Federal Constitution, and we accordingly do not consider any potential constitutional claim. We do not intend by our holding, however, to endorse the practice of a judge presiding over the bench trial of a defendant who has previously admitted before the same judge to sufficient facts to support conviction of the charged offense.

Though a trial judge sitting without a jury ordinarily is presumed able to weigh the evidence appropriately and to avoid consideration of extraneous factors, see *Commonwealth* v. *Collado*, 426 Mass. 675, 678-679 (1998), and *Commonwealth* v. *Montanez*, 439 Mass. 441, 449 (2003), it may well ask too much by way of mental gymnastics to require a judge to ignore an admission of facts sufficient to establish a defendant's guilt.